IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DORRELL RICHENSON COULTHRUST,

      Plaintiff,

v.   No. CIV 07-1125 WJ/KBM

BRUCE CAMPBELL -- HEALTH SERVICES
ADMINISTRATOR,
WALT WELLS, WARDEN,
DONALD LACY,

      Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies

the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff was incarcerated at the Cibola County, New Mexico, Correctional Center. The complaint alleges that during his confinement Plaintiff was denied necessary medical treatment for a serious medical condition. He contends that Defendants' actions violated his rights under the Eighth Amendment. The complaint seeks damages and declaratory relief.

Plaintiff's allegations against Defendant (Warden) Wells do not support a claim under 42 U.S.C. § 1983. The only allegation against this Defendant is that he failed to act on Plaintiff's prison complaint regarding a grievance proceeding. A § 1983 complaint must allege some personal involvement by a defendant in the actual constitutional violation, *see Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996), and an inmate's dissatisfaction with grievance procedures does not give rise to a constitutional claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (quotation omitted); *Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000). Plaintiff's claims against Defendant Wells will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant Wells are DISMISSED, and Defendant Wells is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, to Defendants Campbell and Lacy.

_____
UNITED STATES DISTRICT JUDGE